IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EVELYN JACKSON | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. SA-20-CA-143-FB |
| | § | |
| LANDSTAR TRANSPORTATION | § | |
| LOGISTICS, INC., and OZIE B. ONEAL. | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

COMES NOW EVELYN JACKSON, Plaintiff in the above-styled and numbered cause of action, complaining of LANDSTAR RANGER, INC. and OZIE B. ONEAL ("Defendants"), and in support thereof, would show unto this Honorable Court the following:

### I.
### PARTIES

1. Plaintiff EVELYN JACKSON ("Plaintiff JACKSON") is a resident of Bexar County, Texas.

2. Defendant OZIE B. ONEAL ("Defendant ONEAL") is an individual citizen of the State of Mississippi. Defendant ONEAL has been served with process and appeared herein.

3. Defendant LANDSTAR RANGER, INC., ("Defendant LANDSTAR") is a corporation doing business in the State of Texas, but incorporated in the State of Delaware and having its principal place of business in the State of Florida. Defendant LANDSTAR has been served with process and appeared herein.



## II.
### JURISDICTION & VENUE

4. This Court has jurisdiction over this cause (as currently constituted) pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy between Plaintiff and Defendants exceeds $75,000, excluding interests and costs.

5. Since this Court has jurisdiction, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to Plaintiff's claims occurred in Bexar County, Texas, which is assigned to the San Antonio Division of the Western District of Texas.

6. Plaintiff has satisfied all conditions precedent to bringing this lawsuit.

7. Plaintiff did nothing to cause or contribute to this occurrence.

## III.
### FACTS

8. On or about December 14, 2018, Plaintiff JACKSON was driving a 2017 red Ford Focus traveling eastbound on Bandera Road. Defendant ONEAL was operating a 2014 white Freightliner tractor trailer (VIN: 3AKJGLD51ESFK2682) directly behind Plaintiff JACKSON. As Plaintiff JACKSON approached the intersection of NW Loop 410 Access Road and Bandera Road, Defendant ONEAL was watching oncoming traffic rather than paying attention to Plaintiff JACKSON's vehicle in front of him. Defendant ONEAL then violently rear-ended Plaintiff's vehicle. As a result of the collision, Plaintiff suffered severe, excruciating, and debilitating injuries.

9. At all times material to this lawsuit, Defendant ONEAL was driving a tractor trailer leased to Defendant LANDSTAR and was acting within the course and scope of his employment with Defendant LANDSTAR.

10. Officer R. Parra investigated the collision for the Leon Valley Police Department and concluded Defendant ONEAL's poor driving was the sole contributing factor in causing the collision. No finding of fault was made on the part of Plaintiff JACKSON. Officer Parra also noted that Plaintiff JACKSON suffered a possible injury from the collision.

11. Plaintiff JACKSON sustained injuries from the wreck which include, but are not limited to, neck pain radiating to her arms with numbness in her hands, and low back pain radiating to her legs. Following the collision of December 14, 2018, Plaintiff JACKSON presented to the Emergency Department of Baptist Emergency Hospital, reporting neck and lower back pain from the motor vehicle collision. A physical exam revealed tenderness in Plaintiff JACKSON's neck and low back so she underwent X-rays of the lumbar spine and a CT scan of the cervical spine that showed no fractures. Therefore, Plaintiff JACKSON was diagnosed with an acute cervical sprain and acute back strain.

12. For treatment to Plaintiff's JACKSON's low back impairment, on February 8, 2019, Plaintiff JACKSON underwent an MRI of the lumbar spine that showed a 3-millimeter disc herniation at the L3/4 level resulting in severe bilateral foraminal narrowing; a 3-millimeter disc herniation at the L4/5 level flattening the L5 nerve root sleeves; and a 3-millimeter disc herniation at the L5/S1 level. On March 20, 2019 and April 24, 2019, Plaintiff JACKSON received lumbar epidural steroid injections administered by board certified orthopedic surgeon, Dr. Sanjay Misra, M.D. However, Plaintiff JACKSON's pain continued despite conservative treatment. Therefore, on August 19, 2019, Dr. Misra performed L4/5 and L5/S1 microdiscectomies, left-sided hemi laminotomies, and left L5 and S1 nerve root decompressions with foraminotomies. Plaintiff JACKSON underwent the surgery at Southwest General Hospital.

13. For treatment to Plaintiff's JACKSON's neck impairment, on February 8, 2019, Plaintiff JACKSON underwent an MRI of the cervical spine that revealed a 3-millimeter disc herniation at the C5/6 level impinging the right C6 nerve root; and a 3-millimeter disc herniation at the C6/7 level compressing the C7 nerve root and resulting in severe bilateral foraminal narrowing. On April 3, 2019 and May 1, 2019, Plaintiff JACKSON received cervical epidural steroid injections administered by Dr. Sanjay Misra. Further, on June 4, 2019, Dr. Misra opined that Plaintiff JACKSON had failed conservative treatment due to persistent cervical pain radiating to her arms since the motor vehicle collision. Therefore, Dr. Misra recommended an anterior cervical discectomy fusion. Dr. Misra estimated the cost to this surgical fusion to be $80,000 to $85,000.

14. On June 4, 2019, Dr. Misra further opined that within a reasonable degree of medical probability, Plaintiff JACKSON would have a 20% total body impairment even after future surgeries.

15. The injuries and medical treatment described herein were proximately caused by the collision of December 14, 2018 which is the basis of this lawsuit.

## IV.
### NEGLIGENCE OF DEFENDANT OZIE B. ONEAL

16. The collision made the basis of this lawsuit resulted from the improper conduct of Defendant ONEAL. The conduct of Defendant ONEAL constituted negligence as that term is understood in law and such negligent conduct was a proximate cause of the occurrence, injuries and damages to Plaintiff, made the basis of this suit.

17. Defendant ONEAL had a duty to exercise ordinary care and to operate his vehicle in a reasonable and prudent manner. Defendant ONEAL breached his duty of care. His negligent actions and/or omissions include, but are not limited to, one or more of the following non-

exclusive particulars:

    a.    failing to maintain an assured clear distance between two vehicles so the operator can safely stop without colliding with the preceding vehicle on the highway in violation of Tex. Transp. Code § 545.062(a);

    b.    driving at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing; and failing to control the speed of his vehicle as necessary to avoid colliding with another vehicle on the highway in compliance of law and duty of each person to use due care; in violation of Tex. Transp. Code § 545.351(b);

    c.    driving his vehicle recklessly in violation of the Tex. Transp. Code § 545.401;

    d.    failing to apply the brakes properly and/or timely;

    e.    failing to maintain a proper lookout;

    f.    failing to take proper evasive action;

    g.    failing to operate his vehicle in a safe manner;

    h.    turning improperly from the wrong lane;

    i.    failing to maintain his lane of travel;

    j.    failing to operate his vehicle as a person of ordinary prudence would have in the same or similar circumstance; and/or

    k.    other acts of negligence and/or negligence *per se*.

18.    One, some, or all of the foregoing acts and/or omissions or others on the part of this Defendant ONEAL constituted negligence and/or negligence *per se*. Such negligence was a proximate cause of Plaintiff's injuries and damages. Plaintiff was also within the class of people sought to be protected by the statutes Defendant violated, and Plaintiff's injuries were of the type these statutes were designed to prevent.

## V.
### RESPONDEAT SUPERIOR

19. Defendant LANDSTAR was the lease of the commercial tractor/truck that was being operated by Defendant ONEAL at the time of the incident. Defendant ONEAL was operating Defendant LANDSTAR's commercial tractor/truck with the permission of Defendant LANDSTAR. Defendant LANDSTAR controlled the vehicle driven by Defendant ONEAL. At all times material to this lawsuit, Defendant ONEAL was an employee of Defendant LANDSTAR and was acting within the course and scope of his employment with Defendant LANDSTAR. Consequently, Defendant LANDSTAR is vicariously liable to Plaintiff for the negligent conduct of Defendant ONEAL under the theory of *respondeat superior*.

## VI.
### NEGLIGENCE OF DEFENDANT LANDSTAR RANGER, INC.

20. The independent conduct of Defendant LANDSTAR constitutes negligence and negligence *per se* as that term is known in the law. Such negligent acts or omissions include, but are not limited to the following:

   a. allowing Defendant ONEAL to operate its vehicle even though it knew or should have known he was a reckless or incompetent driver;

   b. entrusting a vehicle to Defendant ONEAL even though it knew or should have known he was a reckless or incompetent driver;

   c. failing to properly train Defendant ONEAL in the safe operation of a motor vehicle;

   d. retaining Defendant ONEAL after it knew or should have known that he was a reckless or incompetent driver;

   e. failing to establish and enforce safety rules and regulations;

   f. failing to properly educate, instruct, and supervise the performance of Defendant ONEAL's duties;

      g.    failing to provide proper safety manuals and instructions to employees responsible for safety;

      h.    failing to enforce and ensure compliance of established safety and operational rules and regulations for persons operating its equipment; and

      i.    other acts of negligence and/or negligence *per se*.

21.    One, some, or all of the foregoing acts and/or omissions or others on the part of Defendant LANDSTAR constituted negligence and/or negligence *per se*. Such negligence was a proximate cause of Plaintiff's injuries and damages. Plaintiff was also within the class of people sought to be protected by the statutes Defendant violated, and Plaintiff's injuries were of the type these statutes were designed to prevent.

## VII.
### DAMAGES

22.    As a result of the incident made the basis of this lawsuit described in the preceding paragraphs and the negligence of Defendants, Plaintiff sustained significant injuries and damages in the past and will, in reasonable probability, sustain these damages in the future.

23.    Plaintiff respectfully request that the trier of fact determine the amount of her damages and losses that she has incurred in the past and will reasonably incur in the future, as well as the monetary value of these damages, which include, but are not limited to:

      a.    past and future physical pain and suffering and mental anguish;

      b.    past and future disfigurement;

      c.    past and future physical impairment;

      d.    past and future medical care expenses;

      e.    past and future loss of earning capacity, and

      f.    past and future out-of-pocket economic losses.

24. Because of all of the above and foregoing, Plaintiff has suffered actual damages in excess of the minimum jurisdictional limits of the Court for which Plaintiff now brings suit.

25. Plaintiff seeks both prejudgment and post judgment interest as allowed by law, for all costs of court, and all other relief, both in law and in equity, to which she may be entitled.

## VIII.
### JURY DEMAND

26. Plaintiff hereby requests and demands a trial by jury.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, that Plaintiff recover damages in accordance with the evidence, that Plaintiff recover costs of court herein expended, that Plaintiff recover interest to which Plaintiff is justly entitled under the law, and for such other further relief, both general and special, both in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

JIM S. ADLER & ASSOCIATES

*/s/ Langdon Smith*
LANGDON "TREY" SMITH
lsmith@jimadler.com
State Bar No. 00797456
MICHAEL GOMEZ
mgomez@jimadler.com
State Bar No. 24029578
3D/ International Tower
1900 West Loop South, 20th Floor
Houston, Texas  77027
T: (713) 735-2114
F: (713) 781-2514
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on this, the 29th day of May, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

                                                   */s/ Langdon "Trey" Smith*
                                                   **Langdon "Trey" Smith**